UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN WAYNE POWERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5557** |
| **ORLEANS PARISH PRISON, ET AL.,** | **SECTION "J"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Kevin Wayne Powers ("Powers"), is a pretrial detainee who is incarcerated at the Allen Correctional Center in Kinder, Louisiana.[1] He filed this *pro se* and *in forma pauperis* complaint against the Orleans Parish Prison ("the Prison"), Sheriff Marlin N. Gusman ("Sheriff Gusman") and the Orleans Parish Prison Medical Department (the "Medical Department").[2]

Powers contends that on January 30, 2013, during the morning feeding at the Prison, while he was in line to get food, his grits spilled onto his tray and spilled onto his hand, wrists and

---

[1] *See* Rec. Doc. Nos. 1, 6. Powers' initially filed a Motion to Proceed *in forma pauperis,* which was denied by this Court on August 27, 2013. *See* Rec. Doc. No. 2. He file a Motion for Leave to Proceed *in forma pauperis* on September 9, 2013. The undersigned construed this motion as one for reconsideration of its prior denial of pauper status. The Court granted the Motion for Reconsideration on September 16, 2013, and filed Powers' complaint into the record on the same day. *See* Rec. Doc. Nos. 3-6.

[2] *See* Rec. Doc. No. 6.

forearm.[3] He alleges that he thereafter put the tray on a table, and ran to the sink to try to rinse the grits off. The sink however, allegedly did not have running water. As a result, Powers allegedly ran to the shower to rinse the hot grits, but it was too late, his skin was already burned.

Powers alleges that there were no supervisors available during the morning food serving, and he was told that he would have to wait until the shift change was completed to see a supervisor. After the shift change, Powers alleges that nothing was done, so he showed his injury to the nurse on duty. She allegedly advised Powers that he would have to "come to medical when she finished pill call." Powers alleges that he was later seen by the medical staff, where the nurse advised him that he had suffered a second degree burn.

Powers alleges that the nurse applied some ointment and bandages on the burn before he was returned to the dorm. She ordered that his dressing be changed twice a day for three weeks. He alleges that despite this recommendation, his bandages were not changed consistently, and as a result, the bandage would tear his skin. He now alleges that he has a scar and that his elbow is painful. He seeks damages for the injury he allegedly sustained, he requests the opportunity to see a doctor outside of the prison, and he seeks to have the medical department investigated.

## II.  Standard of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d

---

[3]*See* Rec. Doc. No. 6, p.6

114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999) (*citing Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)) (*quoting McCormick v. Stadler,* 105 F.3d 1059, 1061 (5th Cir. 1997)).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

    **A.   Orleans Parish Prison and the Prison Medical Department**

Powers names both the Orleans Parish Prison and the Orleans Parish Prison Medical Department ("the Medical Department") as defendants in this action. However, neither the Prison nor the Medical Department are persons within the meaning of Title 42 U.S.C. §1983.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." *See* Title 42 U.S.C.§ 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).  In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs

whether these defendants can be sued.[4] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as an "entity to which the law attributes personality, such as a corporation or partnership." *See* LA. CIV. CODE ANN. art. 24.

Thus, under federal law, a county (or parish) prison facility is not a "person" within the meaning of Rule 17. *Cullen v. DuPage County*, No. 99C1296, 1999 WL 1212570, at *1 (N.D.Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.,* No. 97CIV0420(SS), 1997 WL 659100, at *6-7 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill. 1993); *Hancock v. Washtenaw Cnty. Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jeffries v. St. Bernard Parish Sheriff's Dep't*, No.12-1063, 2013 WL 6044365 at *4 (E.D. La. Nov. 13, 2013); citing *Jones v. St. Tammany Parish Jail,* 4 F. Supp.2d 606, 613 (E.D.La.1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges,* No. 96–3088, 1997 WL 810033, at *1 n. 1 (N.D.Tex. Dec. 22, 1997) (county jail is not a jural entity capable of being sued), *aff'd,* 154 F.3d 416, 1998 WL 526620 (5th Cir. July 21, 1998).

Thus, neither the Orleans Parish Prison nor the Medical Department are proper Defendants in this case. As such, Powers' claims against the Parish Prison and the Medical Department should be dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e. *See Jones v. St. Tammany Parish Jail,* 4 F.Supp.2d 606, 613 (E.D.La.1998)(dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *accord Dale v. Bridges*, 1997 WL 810033 at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued).

---

[4]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed. R. Civ. P. 17(b).

### B.     Sheriff Marlin N. Gusman

Powers names Sheriff Marlin N. Gusman ("Sheriff Gusman") as a defendant in this case. Under a broad of the complaint, Powers likely named Sheriff Gusman as a defendant because of his role as a supervisor over the Orleans Parish Prison ("the Prison"). Powers alleges that although he filed internal grievances about prison conditions through the prison's internal grievance process, he did not receive any relief.

A supervisory official, like Sheriff Gusman, would not be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate, whether a deputy or doctor, allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). He may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Here, Powers has not alleged any facts which would indicate that Sheriff Gusman was personally involved in providing him with rehabilitation treatment, proper food or clean facilities. Powers also does not allege that Sheriff Gusman was personally aware of his condition, treatment or lack thereof.  As such, Powers has not demonstrated a sufficient personal connection that would render Sheriff Gusman liable under § 1983.  Thus, his claims against Sheriff Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

IV.     Recommendation

**IT IS THEREFORE RECOMMENDED** that plaintiff, Kevin Wayne Powers' § 1983 claims against the Orleans Parish Prison, Sheriff Marlin Gusman and the Orleans Parish Prison Medical Department be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)[5].

New Orleans, Louisiana, this 23rd day of January, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days